RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 06 28 06
BY JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **ARTHUR WILLIAMS** | NO. CV93-10012-A |
| **VERSUS** | DISTRICT JUDGE DEE DRELL |
| **UNITED STATES OF AMERICA** | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE

Before the Court is a "Petition for Remission of Fine" (Doc. #737) filed by pro se petitioner Arthur Williams ("Williams"), referred to the undersigned by the District Judge for Report and Recommendation. Williams claims that he is unable to pay the fine imposed at his sentencing on January 13, 1994 and that his fine should be remitted because the government failed to present evidence at the sentencing of Williams' ability to pay the fine.

Facts

On November 2, 1993, Williams was convicted by a jury in the United States District Court for the Western District of Louisiana, Alexandria Division, of one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride and 5 grams or more of cocaine base, and two counts of aiding and abetting in the possession with intent to distribute 500 grams or more of cocaine hydrochloride. Williams' conviction was affirmed on appeal in United States v. Williams, No. 94-40075 (5th Cir. 1995). (Doc. #450).

Law and Analysis

Williams filed the instant "Petition for Remission of Fine," (Doc. #737) arguing that, before the sentence was imposed in 1994, the government did not present evidence of the defendant's ability to pay the fine. Williams cites no authority for his argument other than U.S. v. Fair, 979 F.2d 1037 (5th Cir. 1992) and U.S. v. Hodges, 110 F.3d 250 (5th Cir. 1997). Both Fair and Hodges involved direct appeals of sentences. The instant matter is not a direct appeal; rather, it is a Petition seeking the remission of a fine that was imposed at sentencing over twelve years ago.

While Williams does not specifically reference the statute, a petition for modification or remission of a fine is generally filed under 18 U.S.C.A. § 3573. Under the *former* section 3573, a defendant could petition the district court to modify or remit his fine based on certain circumstances. 18 U.S.C.A. § 3573 (West 1985). That section, which Congress enacted as part of the Sentencing Reform Act of 1984[1], became effective on November 1, 1987[2]. However, it lasted only six weeks and was repealed by the Criminal Fine Improvements Act of 1987. Section 3573, effective December 11, 1987,[3] provides that **only the government may file a petition seeking to remit a defendant's fine.** See U.S. v.

---

[1] Pub. L. No. 98-473, Title II, § 212(a)(2), 98 Stat. 1997 (1984)

[2] (See Pub. L. No. 98-473, § 235(a)(1), 98 Stat. 2032 (1984)

[3] See Pub. L. No. 100-185, § 8(a), 101 Stat. 1282 (1987); U.S. v. Linker, 920 F.2d 1 (7th Cir. 1990).

Kranzthor, 614 F.2d 981, 982 (5th Cir. 1980); U.S. v. Heimbach, 808 F.Supp. 413 (E.D. Pa. Oct. 20, 1992).

Additionally, while the defendant does not cite Federal Rule of Criminal Procedure 35 in support of his Petition, the undersigned notes that Williams could not rely on that rule either. Rule 35 governs the reduction of a sentence, but provides that a motion to reduce sentence must be brought within seven days after the sentence was imposed. Because the instant petition was filed more than seven days after the sentence was imposed, this Court is without discretion to reduce the sentence. See F.R.Crim.P. 35; United States v. Kranzthor, 614 F.2d 981, 982 (5th Cir. 1980).

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Williams' "Petition for Remission of Fine" be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 28th day of June, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE