U.S. DISTRICT COURT
WESTERN DISTRICT of LOUISIANA
RECEIVED - ALEXANDRIA
APR 1 9 2007
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION<br>NO. CR93-10012-06 |
| VERSUS | |
| ARTHUR WILLIAMS | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion to correct an illegal sentence pursuant to Fed.R.Crim.P. rule 35 by Arthur Williams ("Williams"), filed on February 15, 2007 and amended on March 13, 2007 (Doc. Items 748, 750). Williams was convicted and sentenced in 1994, in the United States District Court for the Western District of Louisiana, Alexandria Division, for felony drug offenses. Williams was sentenced to 250 months imprisonment followed by four years supervised release and fined $50,000.

Williams contends (1) his enhanced sentence was not imposed in compliance with 21 U.S.C. § 851(a)(1)and (b) and the court lacked jurisdiction to enhance his sentence, and (2) he had ineffective assistance of counsel due to his attorney's failure to raise the issue of the court's jurisdiction at the sentencing hearing.

Rule 35, Correcting or Reducing a Sentence, provides in subpart (a) that a court may correct clerical errors (meaning

arithmetical, technical, or other clear error) in a sentence within seven days after sentencing. Rule 35(b) provides that a sentence may be reduced, on motion of the government, for substantial assistance provided by the defendant in the investigation or prosecution of another person.

Since more than seven days have passed since Williams was sentenced in 1994, Rule 35(a) is inapplicable to his case. Rule 35(b) is also inapplicable since the government has not moved to reduce Williams's sentence for substantial assistance, nor has Williams alleged that he provided substantial assistance in the investigation or prosecution of another person.

Therefore, Williams' Rule 35 motion for correction of sentence should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Williams' motion to correct sentence be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District

2

Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 18th day of April, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3