

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION<br>NO. 93-CR-10012 |
| VERSUS | |
| ARTHUR WILLIAMS | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of error audita querela, filed pursuant to 28 U.S.C. § 1651[1] by pro se petitioner Arthur Williams ("Williams"). Williams was convicted by a jury in the United States District Court for the Western District of Louisiana of three counts of cocaine and crack cocaine drug offenses, for which he was sentenced to a total of 250 months imprisonment, four years supervised release, and a $50,0000 fine (Doc. 346). Williams is contesting his sentence, contending he was sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), and its progeny.

---

[1] Section 1651 provides:
§ 1651. Writs
(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

1.

Writs of coram nobis, coram vobis, audita querela, bills of review, and bills in the nature of bills of review were abolished and replaced with Rule 60 of the Federal Rules of Civil Procedure in civil proceedings. However, Rule 60(b) did not abolish the writ of audita querela in criminal proceedings, to the extent it might ever have been available in criminal proceedings. <u>U.S. v. Reyes</u>, 945 F.2d 862, 865 (5th Cir. 1991).

The writ of audita querela is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition. <u>U.S. v. Miller</u>, 599 F.3d 484, 487 (5th Cir. 2010). There is some doubt as to whether audita querela is ever available to vacate an otherwise final criminal conviction. <u>Reyes</u>, 945 F.2d at 865, and cases cited therein. The Fifth Circuit Court of Appeals has held that, if the writ survives, it can only be available where there is a legal objection to a judgment which has arisen subsequent to that judgment. Purely equitable grounds for relief do not justify the issuance of a writ of audita querela. Furthermore, the writ is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy. <u>U.S. v. Miller</u>, 599 F.3d 484, 488 (5th Cir. 2010).

2.

In the case at bar, Williams asks for a sentence reduction

pursuant to the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) and its progeny, United States v. Booker (and Fanfan), 543 U.S. 220, 125 S.Ct. 738 (2005), Blakely v. Washington, 124 S.Ct. 2531, 2537 (U.S. June 24, 2004), and Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428 (2002).[2] Williams' claim that his sentence should be reduced in accordance with the afore-cited case law are more properly raised pursuant to a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

Williams has, in fact, previously made this same claim in a

---

[2] In Apprendi v. New Jersey, 530 U.S. at 490, 120 S.Ct. 2348, 2362-63, the Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt. Therefore, when a government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841, drug quantity is an element of the offense that must be submitted to a jury under Apprendi. The relevant 'statutory maximum'" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. In Blakely, the court held that, when a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,'...and the judge exceeds his proper authority." Blakely, 124 S.Ct. at 2537. In United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), the Supreme Court specifically held that Blakely applies to the Federal Sentencing Guidelines. However, Blakely created a new rule of criminal procedural law which is not retroactively applicable to cases on collateral review. U.S. v. Brown, 305 F.3d 304, (5th Cir. 2002), cert. den., 538 U.S. 1007, 123 S.Ct. 1919 (2003). See also, Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519 (2004) (holding that Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428 (2002), which extended Apprendi to hold that, because Arizona has made a certain fact essential to the death penalty, that fact must be found by a jury, established a new rule of procedural law which is not retroactively applicable on collateral review).

"motion to dismiss the indictment" (Docs. 606, 639) and in a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582 (Doc. 764); Williams' motions were denied on October 10, 2001 (Doc. 647) and June 16, 2008 (Doc. 774). Williams filed a second motion to reduce sentence pursuant to 18 U.S.C. § 3582 on October 13, 2009 (Doc. 800), which was denied on October 20, 2009 (Doc. 801).

Since Williams' present sentencing claims can be and were brought pursuant to other post-conviction remedies, Williams' motion for writ of audita querela should be denied.

### Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Williams' motion for writ of audita querela be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

**WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 13th day of September, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE